## Gardner v. Davis Smith Co. et al.

*H. L. Abrams*, for claimant.
*William M. Dreher*, for defendants.

KENNEDY, J., December 10, 1941.—This is an appeal from an order of the Workmen's Compensation Board, dismissing claimant's claim petition asking for compensation from defendant on the ground that the claim petition was filed too late and was barred by the statute of limitations. The sole question for this court's decision is whether the board abused its discretion in find-

ing (and affirming the findings of the referee) that the claimant had filed his petition after an unreasonable time.

The facts briefly are these. Sometime shortly after February 9, 1939, claimant wrote a letter to the Department of Labor and Industry, stating that he had sustained certain injuries on February 9, 1939, while in the employ of Davis Smith Company, defendant, and while in the course of his employment. On May 18, 1939, Mr. Chestnut, secretary of the Workmen's Compensation Board, acknowledged receipt of claimant's letter and advised claimant that the employer and its insurance carrier disclaimed liability and that, if he desired, it would be necessary for him to file his claim petition with the board not later than two years after the alleged accident occurred. Claimant then apparently did nothing more until January 31, 1941 (nine days before the two-year period would have elapsed), when he filed his claim petition against defendants, in effect stating that while a bricklayer in the employ of Davis Smith Company, on February 9, 1939, he inhaled poisonous gases from a coke burning salamander, which inhaling affected his hearing and lungs.

It is admitted by counsel for claimant that the statutory limitation for filing a claim petition, since the Act of June 21, 1939, P. L. 520, sec. 315, the effective date of which act was July 1, 1939, is a period of one year. It is conceded by counsel for defendant that the statute of limitations before the Act of 1939, supra, allowed a period of two years to file a claim after the date of injury. The letter from Mr. Chestnut to the claimant therefore correctly stated the law at the time. However, it is argued that, since he is a public official, claimant had a right to rely on the information in the letter and that he was unintentionally led astray by its contents. We cannot agree with this argument, for the reason that he was correctly advised as to the law existent at the time.

The testimony taken before the referee does not attempt to show that either the employer or its carrier company in any way, by fraud, or even mistake, wrongly advised claimant. The case of Guy v. Stoecklein Baking Co. et al., 133 Pa. Superior Ct. 38, is called to our attention by claimant's counsel, to support his position that the board was unreasonable in not allowing the claim petition to be filed 18 months after the effective date of the Act of 1939, supra. All that case decided was that a defendant employer, by holding out promises and gaining the confidence of the claimant that an adjustment might be effected, would be estopped from pleading the one-year statutory limitation later for a period of six months after the year period had elapsed before a formal claim petition was filed.

It is agreed by all parties that, where a right is existent at the time a statute is passed reducing the period within which a claim or suit may be entered, then such a statute is procedural and not substantive and that the proper authorities, whether it be a board or court of record, have the power to allow a claim or suit to be filed within a reasonable time after the statute otherwise would have outlawed the claim or demand. Here, however, claimant rested on his rights an undue length of time. He was not deceived by defendants, nor could it be said that he was led astray by the letter of Mr. Chestnut to such an extent that he would not have made any further inquiries from May 18, 1939, until the filing of his petition on January 31, 1941.

It is, therefore, our conclusion that the board did not abuse its discretion in adjudicating that claimant had waited an unreasonable length of time after the effective date of the Act of 1939, setting the statute of limitations as of one year, to file his claim. The appeal will be dismissed.

*Order*

And now, December 10, 1941, after argument and consideration of briefs of counsel for the respective

212

parties, it is ordered that the appeal of claimant be and the same is hereby dismissed and the ruling of the Workmen's Compensation Board is affirmed.